UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESSILOR MANUFACTURING (THAILAND) CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> J.P. MORGAN CHASE BANK, N.A., <br><br> Defendant. | Case No. 1:22-cv-03361 |

LEWIS J. LIMAN, United States District Judge:

WHEREAS all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. **DEFINITIONS**.

 (a) "Action" shall mean this pending federal lawsuit.

 (b) "Service Providers" shall mean any person retained by a Party to provide the following services in connection with this action: (i) professional jury or trial consultants, (ii) persons or entities providing litigation support services—such as photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or retrieving data in any form or medium—(iii) computer service personnel performing duties in relation to a computerized litigation system, and their employees and subcontractors.

 (c) "Counsel" shall mean Outside Counsel of Record and In-House Counsel (as well as their support staff).

 (d) "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this Action. For avoidance of doubt, "Expert" shall not include mock jurors.

 (e) "In-House Counsel" shall mean attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel.

 (f) "Outside Counsel" shall mean attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes paralegal, clerical and other assistant employed by such counsel and assigned to this matter.

 (g) "Producing Party" shall mean the party that produces discovery materials.

 (h) "Receiving Party" shall mean the party that receives produced materials.

 (i) "Competitor of a Party" shall mean a business (or any person currently employed by, or currently engaged as an independent contractor by such business) known to compete directly with a Party in the same product market, which in the case of Plaintiff is a business engaged in the manufacture and sale of ophthalmic lenses, optical equipment, prescription glasses and sunglasses, and in the case of Defendant, is a banking institution that either directly or through its offices, branches and subsidiaries offers a wide range of payments channels, products, platforms, and integrated solutions, including physical cash sweeps, to its U.S. and non-U.S. customers across regions and currencies.

 2. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" (hereinafter "Confidential Discovery Material""), "Highly Confidential" (hereinafter "Highly Confidential Discovery Material""), or "Restricted" (hereinafter "Restricted Discovery Material") pursuant to the terms of this Protective Order shall not disclose such

Confidential, Highly Confidential, or Restricted Discovery Material to anyone else except as expressly permitted hereunder.

3. **CONFIDENTIAL DISCOVERY MATERIAL.** The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which the person believes in good faith is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the Producing Party and/or a third party to whom a duty of confidentiality is used and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed confidential reporting to law enforcement agencies;

(c) previously nondisclosed material relating to ownership or control of any non-public company;

(d) previously nondisclosed business plans, product development information, or marketing plans;

(e) any information of a personal or intimate nature regarding any individual; or

(f) any other category of information hereinafter given confidential status by the Court.

The omission of any type of information from the above-mentioned categories does not imply that such information cannot qualify as Confidential, so long as the designating person believes in good faith that such information meets the general criteria for Confidential designation described in the introductory language of this Paragraph 3.

4. **HIGHLY CONFIDENTIAL DISCOVERY MATERIAL.** The person producing any given Discovery Material may designate as Highly Confidential only such portion of such material the public disclosure of which the person believes in good faith that, in addition to the requirements for designating a document Confidential, the information to be disclosed contains current confidential competitively sensitive information which, if known to the opposing Party or a third party, could enable that opposing Party or third party to obtain a competitive business advantage or may otherwise cause competitive damage to the Producing Party, including:

(a) proprietary business information which is unavailable to the public and not readily determinable from other sources and which might be of value to a Competitor of the Party or might be detrimental to the Party if disclosed publicly;

(b) highly sensitive financial information to include forecasts, plans, analyses, pricing data, or cost data;

(c) third-party agreements and the terms thereof; or

(d) such other documents, information, or material which contains confidential information that the Producing Party reasonably believes is of such nature and character that the unauthorized disclosure of such information is likely to irreparably injure the Producing Party.

The omission of any type of information from the above-mentioned categories does not imply that such information cannot qualify as Highly Confidential, so long as the designating person believes that such information meets the criteria for Highly Confidential designation in the introductory language of this Paragraph 4.

5. **RESTRICTED DISCOVERY MATERIAL.** Defendant JPMorgan Chase Bank, N.A. ("JPMC") believes that certain Discovery Material qualifying to be designated Confidential or Highly Confidential is so sensitive that its dissemination deserves even further limitation, and thus, such Discovery Material should be designated as "Restricted." More specifically, JPMC believes that certain Discovery Material relating to JPMC's fraud monitoring procedures for commercial wires should be designated as "Restricted." Because the "Restricted" category should be construed narrowly, only the following documents may be designated as "Restricted":

(a) Document(s) describing how and when JPMC's system conducts fraud monitoring for commercial wires, and how and when manual reviews of wire transfers are performed;

(b) Document(s) describing the criteria implemented in JPMC's system that conducts fraud monitoring for commercial wires and which causes particular commercial wires to be outsorted for further review;

(c) Document(s) describing the criteria that caused certain wires at issue in this case to be outsorted for further review; and

(d) All reports generated by the system that conducts fraud monitoring for commercial wires that contain details concerning the specific criteria that caused certain wires at issue in this case to be outsorted for further review.

6. With respect to the Confidential, Highly Confidential, or Restricted portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or that person's counsel may designate such portion as "Confidential," "Highly Confidential" or "Restricted" by: (a) stamping or otherwise clearly marking as "Confidential," "Highly Confidential" or "Restricted" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted. For the avoidance of doubt, nothing herein is intended to prevent a party from designating the entirety of a given document as "Confidential," "Highly Confidential" or "Restricted" if the party reasonably believes the entire document falls within one or more of the categories in Paragraphs 3, 4, and 5, above, respectively.

7. With respect to deposition transcripts, a Producing Party or that person's counsel may designate such portion as Confidential, Highly Confidential, or Restricted either by (a) indicating on the record during the deposition that a question calls for Confidential, Highly Confidential or Restricted information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order," "Highly Confidential Information Governed by Protective Order," or "Restricted Information Governed by Protective Order," respectively; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, Highly Confidential, or Restricted, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the Producing Party or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential, Highly Confidential, or Restricted.

8. If a Party elects to challenge a designating Party's Confidential, Highly Confidential, or Restricted designation, it must do so in good faith and must begin the process by notifying the designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by Bates number, and by providing a basis for the challenge. The challenging Party and the designating Party shall, within ten (10) business days after service of the written objections, meet and confer concerning the objection, unless otherwise agreed. In conferring, the challenging Party must explain the basis for its belief that the Confidential, Highly Confidential, or Restricted designation was not proper, and the designating Party must explain the basis for its belief that the Confidential, Highly Confidential, or Restricted designation was proper. If the Parties are not able to resolve a dispute about a Confidential, Highly Confidential, or Restricted designation during the meet and confer process, the Party challenging the designation may address the dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the designating Party's designation.

9. If at any time prior to the trial of this action, a Producing Party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, Highly Confidential, or Restricted, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential, Highly Confidential or Restricted under the terms of this Protective Order. If a party has disclosed such designated portion(s) of Discovery Material to anyone other than the individuals set forth in Paragraph 10 (for Confidential Discovery Material), Paragraph 11 (for Highly Confidential Discovery Material), or Paragraph 12 (for Restricted Discovery Material) below, that Party shall make reasonable efforts to promptly retrieve such Discovery Material, and inform any recipient of the terms of the Protective Order.

10. No person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as Confidential to any other person whomsoever, except to:

    (a) the Parties to this action, their insurers, reinsurers, insurance adjusters, and/or third-party administrators of insurance policies and their counsel that do or may provide insurance coverage applicable to this action;

    (b) employees or agents of the Receiving Party whom counsel for such Party reasonably believes need to receive such information in connection with this action, including In-House Counsel;

    (c) Outside Counsel;

    (d) Service Providers, provided such persons first execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (f) as to any document, its author, its addressee, and any other person indicated on the face of the document or in the document's metadata as having received a copy;

    (g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (h) Experts, provided such persons first execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (i) stenographers engaged to transcribe depositions and videographers engaged to record depositions conducted in this Action;

    (j) this Court, including any appellate court, and the court reporters and support personnel for the same;

    (k) any Commissioner or equivalent person duly appointed by a court to obtain discovery abroad for use by the Parties in this Action; and

    (l) any other person agreed to by the Producing Party in writing.

  11. No person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as Highly Confidential to any other person whomsoever, except to:

    (a) Outside Counsel[1];

    (b) the Court and its personnel, as well as court reporters and their employees;

---

[1] For avoidance of doubt, in-house counsel shall not have access to Highly Confidential Discovery Material.

(c) Service Providers, provided such persons first execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) any mediator or arbitrator that the Parties engage in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document or in the document's metadata as having received a copy;

(f) any person retained by a Party to serve as Expert to whom disclosure is reasonably necessary for this Action, including the Expert's support staff, provided that such Experts are not known by Outside Counsel to presently be an officer, director, or employee of a Party or of a Competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a Competitor of a Party.  For avoidance of doubt, Discovery Material designated as Highly Confidential shall not be disclosed to mock jurors;

(g) any witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in this Action not otherwise authorized to view the Highly Confidential Discovery Material in question, during that witness's testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same, and that witness's counsel, provided that (i) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes; (ii) the witness, and any counsel for a non-party witness not represented by Counsel for one of the parties, is not permitted to retain copies of the Highly Confidential Discovery Material after the witness is examined regarding the Highly Confidential Discovery Material; and (iii) the witness is explicitly informed by Counsel for the party seeking to use the Highly Confidential Discovery Material that this Protective Order forbids him or her to disclose the Highly Confidential Discovery Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(h) any Commissioner or equivalent person duly appointed by a court to obtain discovery abroad for use by the Parties in this Action; and

(i) any other person agreed to by the Producing Party in writing.

12. No person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as Restricted to any other person whomsoever, except to:

(a) Outside Counsel[2];

(b) Up to three persons retained by a Party to serve as Expert to whom disclosure is reasonably necessary for this Action, including the Expert's support staff, provided that such Experts are not presently an officer, director, or employee of a Party or of a Competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a

---

[2] For avoidance of doubt, in-house counsel shall not have access to Restricted Discovery Material.

Party or of a Competitor of a Party. For avoidance of doubt, Discovery Material designated as Restricted shall not be disclosed to mock jurors;

   (c)  the Court and its personnel; and

   (d)  At a deposition, hearing or trial, (a) JPMC fact witnesses who already have knowledge of any contents of such Discovery Material (including any JPMC Rule 30(b)(6) designee on topics concerning JPMC's fraud monitoring procedures); (b) JPMC's testifying Experts who opine concerning JPMC's fraud monitoring procedures; and (c) other persons, including other JPMC witnesses, whom the parties agree, during a meet and confer, may review such Discovery Material.

  13.  Prior to any disclosure of any Confidential, Highly Confidential, or Restricted Discovery Material to any person referred to in subparagraphs 10(d), 10(e), 10(g), 10(h), 11(c), 11(d), 11(f), 11(g), and 12(b), above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

  14.  For Discovery Material designated Restricted, whether designated as Restricted in whole or in part, the following additional restrictions apply:

   (a)  Production Restrictions:

    i.  Restricted Discovery Material shall be produced to Plaintiff's Outside Counsel in a password-protected hard drive encrypted by way of the 256-bit Advanced Encryption Standard;

    ii.  Production(s) of Restricted Discovery Material shall be delivered via FedEx;

    iii.  Password(s) necessary to access Restricted Discovery Material shall be provided under separate cover (i.e., passwords shall not accompany the Restricted Discovery Material via FedEx);

    iv.  To the extent Plaintiff's Outside Counsel wishes to send or otherwise transmit Restricted Discovery Material to persons referred to in subparagraph 12(b), Plaintiff's Outside Counsel shall comply with subparagraphs 14(a)(i) though (iii);

    v.  To the extent Plaintiff's Outside Counsel wishes to print or make copies of Restricted Discovery Material, Plaintiff's Outside Counsel shall keep a log of each copy identifying (i) the Bates number of the Restricted Discovery Material, (ii) the name of the individual in possession of the Restricted Discovery Material, (iii) the location where the Restricted Discovery Material is to be held,

      (iv) the date the individual received the Restricted Discovery Material, and (v) the date the Restricted Discovery Material was returned to Plaintiff's Outside Counsel;

   vi. Plaintiff's Expert(s) shall not make further copies of the Restricted Discovery Material;

   vii. Plaintiff's Outside Counsel shall provide a copy of the log to JPMC's Outside Counsel at the conclusion of the litigation, or upon reasonable request; and

   viii. In the event Restricted Discovery Material is misplaced or lost, whether in print/copy form or hard drive, Plaintiff's Outside Counsel shall immediately notify JPMC.

 (b) Other Restrictions:

   i. Persons referred to in Paragraph 12(a) and (b) shall load, use, and view the Restricted Discovery Material on a computer with the internet access feature disabled;

   ii. Persons referred to in Paragraph 12(a) and (b) shall not circulate Restricted Discovery Material electronically (*i.e.*, via email, FTP, etc.);

   iii. Subject to the limitations in subparagraph 12(d), the Party seeking to use the Restricted Discovery Material during depositions shall bring one copy for each member of Outside Counsel present at the deposition and one copy for the witness. For avoidance of doubt, court reporters shall not receive a copy of the Restricted Discovery Material and shall note only the Bates number of the Restricted Discovery Material in the transcript. All copies of Restricted Discovery Material provided in the deposition shall be logged in accordance with subparagraph 14(b)(ii);

   iv. For court filings, any Party seeking to file Restricted Discovery Material shall seek leave of court to physically file or otherwise submit such Discovery Material to the Court in an encrypted drive that comports with subparagraphs 14(a)(i) though (iii); and

   v. For trial and/or hearings in court, the Parties will meet and confer regarding the use of Restricted Discovery Material.

15. Absent a court order to the contrary, any party seeking to file a document on the public docket reflecting or referring to Confidential, Highly Confidential, or Restricted Material shall seek leave to file such material in redacted form, pursuant to the provisions set forth in paragraph 20 herein, such that the Confidential, Highly Confidential or Restricted information is not directly or indirectly discernible. Notwithstanding the obligations set forth in this first

sentence, the parties shall attempt to meet and confer before any filings expected to contain such material and attempt to avoid or minimize the filing of information in redacted form.

16. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.

17. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Except as otherwise may be required by procedures prescribed by applicable statues(s), regulation(s) or rule(s), within 7 business days of Outside Counsel becoming aware that documents determined after review to be responsive, non-privileged and called for production are subject to confidentiality obligations owed to a third party, the Receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the Receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the Receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

18. Recipients of Confidential, Highly Confidential or Restricted Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential, Highly Confidential, or Restricted Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

19. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential, Highly Confidential or Restricted Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, unless prohibited by law, will provide written notice to the Producing Party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party, unless prohibited by law, will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

20. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(H) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential, Highly Confidential, or Restricted Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court

retains discretion not to afford confidential treatment to any Confidential, Highly Confidential, or Restricted Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material.  Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal.  The Parties will use their best efforts to minimize such sealing.

21. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential, Highly Confidential, or Restricted.

22. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential, Highly Confidential, or Restricted Discovery Material itself, and not text that in no material way reveals the Confidential, Highly Confidential, or Restricted Discovery Material.

23. Each person who has access to Discovery Material that has been designated as Confidential, Highly Confidential, or Restricted shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

24. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential.  In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the Producing Party of the same and cooperate with the Producing Party to address and remedy the breach.  Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

25. If a Producing Party at any time notifies a Receiving Party that it produced, for any reason, Discovery Material that is subject to a claim of attorney-client privilege or attorney work product protection ("Privileged Material"), or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure, pursuant to Federal Rule of Evidence 502(b), shall not be deemed a waiver of any applicable privilege or protection with respect to the Discovery Material or the subject matter thereof. Production of documents protected by attorney-client privilege, protection under the work product doctrine, or protection under any other applicable statute, law, regulation, privilege, or immunity shall not constitute a waiver of any privilege or other protection, provided that the Producing Party notifies the Receiving Party.

26. In order to claw back Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide written notice to the

Receiving Party specifying the Bates number of the Discovery Material it wishes to claw back, and the basis of the claim that it is Privileged Material.

27. Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material that was produced for any reason, whether inadvertent or otherwise, the Receiving Party shall promptly undertake commercially reasonable efforts to return to the Producing Party, sequester, or destroy all copies of such Privileged Material. The Receiving Party shall provide written notice that the Receiving Party has undertaken reasonable efforts to return, sequester and/or destroy such Privileged Material, and shall not use such material for any purpose until further order of the Court. The contents of the materials identified in the claw back notice shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. If the Receiving Party has provided the Privileged Material at issue in the claw back, or copies thereof, to any other individuals or parties prior to receiving the Producing Party's notice of claw back, the Receiving Party shall undertake commercially reasonable efforts to return to the Producing Party, sequester, or destroy all copies of such Privileged Material that are in possession of those other individuals or parties. In all events, such return, sequestration, destruction, and/or certification must occur within ten (10) business days of receipt of the request. The Receiving Party may request an extension of the deadline for the return, sequestration, or destruction of retained copies, and such extension shall not be unreasonably withheld. Nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws, or restricting the right of any Party to seek the Court's enforcement of the provisions requiring return, sequestration or destruction of any Privileged Material.

28. Within fourteen (14) business days of the notification that reasonable efforts have been taken to return, sequester, or destroy the Privileged Material, the Producing Party shall produce a privilege log with respect to Privileged Material. The return, sequestration, or destruction of any Privileged Material pursuant to this paragraph shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over their status, and nothing shall prevent a Producing Party from moving the Court for a ruling that disclosed information is privileged.

29. If, during a deposition, a Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, it may at its sole election (a) allow the document to be used in the deposition without waiver of any Party's claim of privilege or work-product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status. Following an examination using the document on such non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work-product protected document. Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in Paragraph 28 above. Until the dispute is resolved, all Parties and any

other persons who have access to the transcript of such deposition shall treat that transcript as Highly Confidential Discovery Material. If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by Counsel for such Party shall be within thirty (30) calendar days of said determination, and in the case of other Non-Party witnesses shall be at the earliest practicable time for the witness.

30. If, in connection with this Action, a Party inadvertently discloses information subject to any privilege or immunity from production associated with the Bank Secrecy Act, 31 U.S.C. §§ 5311 to 5336, 31 U.S.C. §§ 5318(g)(2)(A)(1), 31 C.F.R. § 1020.320, 12 C.F.R. § 21.11, Section 314(a) or (b) of the PATRIOT ACT, 12 U.S.C. §§ 3414(a)(3) and (c), including the Suspicious Activity Report ("SAR") privilege; or any other applicable regulations or statutes concerning potential suspicious activity, the bank examination privilege and/or confidential supervisory information ("CDS") ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or such other applicable protection with respect to the Inadvertently Disclosed Information and its subject matter, provided that the Producing Party notifies the Receiving Party as described above, in which case the procedures described in Paragraphs 25 to 29 above shall apply to the treatment of such Inadvertently Disclosed Information. For avoidance of doubt, outside of authorization from an appropriate regulatory authority, the disclosure of BSA or SAR related information and/or CSI that is protected from disclosure by the applicable law, statute or regulation cannot constitute or be deemed a waiver or forfeiture of any claim of privilege or work product or such other applicable protection with respect to such information.

31. Any Party, in conducting discovery from Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks discovery with a copy of this Protective Order so as to inform each such Non-Party of his, her or its rights herein. If a Non-Party provides discovery to any Party in connection with this Action, the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under the Protective Order as held by the Parties to this Action. If any Party receives a production of documents, data, or any other materials from a Non-Party in response to a formal discovery request, it shall make this production available to all other Parties to this Action within seven (7) days of receipt. Notwithstanding the foregoing, if there is an upcoming deposition, hearing, and/or trial in this Action, the Party that has received such production of Non-Party documents shall make the production available to all other Parties to this Action as soon as practicable so as to avoid prejudice to other Parties.

32. All notices required by this Protective Order must be provided in writing to Counsel of record for each Party and, if applicable, in writing to a Non-Party. Any of the notice requirements herein may be waived in whole or in part, but only in writing by the Designating Party.

33. Nothing herein shall preclude any Party or Non-Party from seeking to amend this Protective Order in writing for good cause shown. Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis under the standards set forth in Federal Rule of Civil Procedure 26(c).

34. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this Action, all Discovery Material designated as "Confidential," "Highly Confidential," or "Restricted," and all copies thereof, shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed. For the avoidance of doubt, counsel of record in this action shall be permitted to keep copies of filings and work product that incorporates any Confidential or Highly Confidential (but not Restricted) Discovery Material, so long as counsel continues to treat such Confidential or Highly Confidential Discovery Material in accordance with this Protective Order. All Restricted Discovery Material shall be destroyed within 30 days of the final disposition of this Action.

35. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

36. Except to the extent that federal law may be applicable, this Protective Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles. Any dispute between the Parties regarding this Protective Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| */s/ Alan E. Schoenfeld* | */s/ Randall R. Rainer* |
| Alan E. Schoenfeld | Randall R. Rainer |
| Attorney for Defendant | Attorney for Plaintiffs |
| Dated: | Dated: |

**SO ORDERED.**

Dated: May 19, 2023

New York, New York

LEWIS J. LIMAN
United States District Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK"**

| |
|---|
| ESSILOR MANUFACTURING (THAILAND) CO., LTD., |
| Plaintiffs, |
| v. |
| J.P. MORGAN CHASE BANK, N.A., |
| Defendant. |

Case No. 1:22-cv-03361

LEWIS J. LIMAN, United States District Judge:

  I, _____, retained by _____ as _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential, Highly Confidential, or Restricted.  I agree that I will not disclose such Confidential, Highly Confidential, or Restricted Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the Producing Party, destroy such discovery information.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____               _____