UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESSILOR MANUFACTURING (THAILAND) CO., LTD.,

                  Plaintiff,

    v.

J.P. MORGAN CHASE BANK, N.A.,

                  Defendant.

Case No. 1:22-cv-03361

---

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Essilor Manufacturing (Thailand) Co., Ltd. ("EMTC") moves, pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), for an order compelling Defendant J.P. Morgan Chase Bank, N.A. ("JPMC"), to produce three previously redacted emails and attachments, allegedly protected by attorney-client privilege, in unredacted form, and to perform supplemental searches for related documents. Dkt. No. 70. The motion is granted in part and denied in part.

    The Court has reviewed the three documents at issue—Dkt. Nos. 70-2, 70-6, and 70-8—*in camera*. JPMC represents without contradiction that it has produced the document at Dkt. No. 70-2 in unredacted form. Dkt. No. 74 at 2 n.2. Therefore, EMTC's request for an unredacted version of that document is denied is moot.

    The remaining two documents of which EMTC seeks unredacted versions of are forms submitted to JPMC's Client Deal Management Committee ("CDMC") for approval of non-standard account terms. Dkt. No. 73-1. The CDMC is comprised of senior representatives across several JPMC functions, including the Legal Department. *Id.* In one instance, the form

reflects the approval granted at a CDMC meeting. Dkt. No. 70-6. In the second, the form is submitted for consideration at a CDMC meeting. The contents of the documents themselves reflect mixed business and legal advice. Portions of the documents relate exclusively to business considerations. However, other portions contain "legal advice . . . extricable from the non-legal portions." *TIG Ins. Co. v. Swiss Reinsurance Am. Corp.*, 2023 WL 6058649, at *5 (S.D.N.Y. Sept. 18, 2023). "[I]f non-privileged communications are mixed in with the privileged communications, then the documents must be redacted and produced. Defendants cannot withhold an entire document if only one part of it is privileged." *Id.* (quoting *Jenkins v. Miller*, 2021 WL 1115928, at *3 (D. Vt. Mar. 24, 2021)). JPMC may redact and withhold as privileged the portion of the document at Dkt. No. 70-6 beginning "Legal Analysis (to be completed by Legal)" (but not that heading itself) through the end of the document. The remainder of the document shall be produced. Similarly, JPMC may redact and withhold as privileged the portion of the document at Dkt. No. 70-8 beginning "Legal Analysis (to be completed by Legal)" (but not that heading itself) through to the conclusion of the legal analysis. The remainder of the document shall be produced.

EMTC's request that JPMC perform supplemental searches is based on the faulty predicate that JPMC has not searched the appropriate centralized files. Dkt. No. 70 at 3. *But see* Dkt. No. 74 at 3 ("JPMC searched for CDMC materials in a 'sharepoint *that houses CDMC material and minutes'* (in addition to other centralized locations containing account related information') and has produced and will produce additional responsive, non-privileged documents from those files.") (emphasis in original). The request is therefore denied.

The motions to file in redacted form the letters at Dkt. Nos. 70 and 73 with the attachments thereto, *see* Dkt. Nos. 69, 72, are denied. The Court will stay the effect of this order

until November 27, 2023, in order to permit the parties to move for reconsideration. Absent a motion for reconsideration, the letters at Dkt. Nos. 70 and 73 shall be filed on the public docket in unredacted form no later than November 28, 2023.

For the foregoing reasons, EMTC's motion is GRANTED in part and DENIED in part. The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 69, 70 and 72.

SO ORDERED.

Dated: November 17, 2023
       New York, New York

                                            LEWIS J. LIMAN
                                      United States District Judge