# EXHIBIT B

Case 1:22-cv-03366-LJL   Document 105-2   Filed 03/21/24   Page 1 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESSILOR MANUFACTURING (THAILAND) CO., LTD.,<br><br>      Plaintiff,<br><br>  v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>      Defendant. | Case No. 1:22-cv-03361<br><br>**Request for International Judicial Assistance in the Authorization of a Commissioner pursuant to Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters** |

  The United States District Court for the Southern District of New York presents its compliments to the Ministère de la Justice and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter. This request is made pursuant to, and in conformity with, Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention").

  This Court requests that the Ministère de la Justice approve the taking of evidence by Alexander Blumrosen under Article 17 as described herein. While a trial date has not yet been set in this action, in the United States, parties may move for summary judgment in advance of trial. A party moving for or opposing summary judgment must present evidence to support its arguments, as they do at trial. This Court therefore makes this request to facilitate resolution of the pending proceedings in New York.

  The particulars of this Hague Evidence Request are as follows.

**1.**  **Sender**          Honorable Lewis J. Liman
                   District Judge

|   |   |   |
|---|---|---|
|   |   | U.S. District Court for the Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl St.<br>New York, NY 10007 |
| 2. | **Central Authority of the Requested State** | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Département de l'entraide, du droit international privé et européen (DEDIPE)<br>13, Place Vendôme<br>75042 Paris Cedex 01 |
| 3. | **Person To Whom The Executed Request Is To Be Returned** | Alan E. Schoenfeld<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Tel.: (212) 937-7294<br>Email: alan.schoenfeld@wilmerhale.com<br><br>The parties also designate the appointed Commissioner, Alexander Blumrosen, to accept service of the Hague Convention authorization and notifications from the French governmental authorities related to the proceedings on their behalf. The Commissioner shall transmit such authorization and notification to Plaintiff's counsel and Defendant's counsel simultaneously. |

**IN CONFORMITY WITH CHAPTER II, ARTICLE 17 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

4. **Specification Of The Day By Which The Requesting Authority Requires Receipt Of The Response To The Letter Of Request**

   The requesting authority would greatly appreciate a response to the Request within 10 days or as soon thereafter as is practicable.

|   |   |   |
|---|---|---|
| 5a. | **Requesting Judicial Authority** | Honorable Lewis J. Liman<br>District Judge<br>U.S. District Court for the Southern District of New York |
| 5b. | **To The Competent Authority Of** | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau |

|  |  |  |
|---|---|---|
|  |  | Département de l'entraide, du droit international privé et européen (DEDIPE)<br>13, Place Vendôme<br>75042 Paris Cedex 01 |
| 5c. | **Case Name And Identifying Number** | *Essilor Manufacturing (Thailand) Co., Ltd. v. JPMorgan Chase Bank, N.A.*, 1:22-cv-03361 (LJL) |

6. **Names And Addresses Of The Parties And Their Representatives**

|  |  |  |
|---|---|---|
|  | **a. Plaintiff** | Essilor Manufacturing (Thailand) Co., Ltd.<br>Lat Krabang Industrial Estate Free Zone No. 213<br>Chalongkrung Road, Lamplatiew, Lat Krabang<br>Bangkok 10520, Thailand |
|  | **Representatives** | William A. Maher<br>Steven S. Fitzgerald<br>Randall R. Rainer<br>Wollmuth Maher & Deutsch LLP<br>500 Fifth Avenue<br>New York, New York 10110 |
|  | **b. Defendant** | JPMorgan Chase Bank, N.A.<br>1111 Polaris Parkway<br>Columbus, OH 43240 |
|  | **Representatives** | Alan E. Schoenfeld<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br><br>Gregory H. Lantier<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>2100 Pennsylvania Avenue<br>Washington DC 20037<br><br>Brittany Amadi<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>2100 Pennsylvania Avenue<br>Washington DC 20037 |
| 7. | **Authority Appointing Commissioner, Pending Approval Of The Ministère de la Justice** | Honorable Lewis J. Liman<br>District Judge<br>U.S. District Court for the Southern District of New York |

| | | |
|---|---|---|
| **8.** | **Commissioner** | Alexander Blumrosen |
| | | Avocat à la cour / Member of the Paris and New York Bars |
| | | 4, Avenue Hoche |
| | | 75008 Paris |
| | | France |

                                                    Attached hereto as Exhibit A is the Order of the United States District Court of the Southern District of New York appointing Mr. Blumrosen as Commissioner, pending approval of the Ministère de la Justice.

**9.**     **Nature Of The Proceedings**

Plaintiff, through its Complaint filed on April 25, 2022, alleges that this case arises out of a complex scheme orchestrated against Essilor International SAS ("Essilor") and Essilor Manufacturing (Thailand) Co., Ltd. ("EMTC") from mid-September 2019 through mid-December 2019. Complaint (attached to this request as Exhibit B) ¶ 1. More specifically, the Complaint alleges that the scheme was accomplished with the active assistance of a then-EMTC employee, Chamanun Phetporee ("Phetporee"), Ex. B, Complaint ¶ 18. According to the Complaint, Phetporee's "highly suspicious pattern of fraudulent transactions" should have alerted Defendant JPMorgan Chase Bank, N.A. ("JPMC") to the fraudulent activity. Ex. B, Complaint ¶¶ 5, 36. The Complaint further alleges that scheme resulted in the transfer of approximately $272 million from an account in the name of EMTC maintained at a New York, New York branch of JPMC (the "NY Account"). Ex. B, Complaint ¶ 2. EMTC alleges that, as of April 25, 2022, it has been unable to recover approximately $100 million. Ex. B, Complaint ¶ 2. As a result, the Complaint brought claims under New York's Uniform Commercial Code, for breach of contract, and for negligence, and seeks from JPMC a refund of all unrecovered funds, interest on the refundable amount, expenses incurred to mitigate damages, and attorneys' fees and costs – with the total requested compensation exceeding $124 million.

JPMC disputes the allegations in the Complaint, and in the fall of 2022, the parties briefed JPMC's motion to dismiss the Complaint. On January 4, 2023, this Court dismissed without leave to amend EMTC's negligence claim and dismissed with leave to amend EMTC's contract claim. *See* Motion to Dismiss Decision (attached to this request as Exhibit C). EMTC subsequently declined to amend the Complaint. Thus, the sole remaining claim in this action arises under section 4A-204 of New York's Uniform Commercial Code.

| | |
|---|---|
| **10a.** **Evidence To Be Obtained Or Other Judicial Act To Be Performed** | Defendant JPMC seeks testimony from Essilor International SAS ("Essilor") 147, rue de Paris 94220 Charenton-le-Pont, France from its current and former employees, all of whom EMTC and JPMC have identified as having information relevant to the litigation (collectively, the "current and former employees"): <br><br> 1. Ivan Cappelli <br> 2. Nathalie Lesellier <br> 3. Benoit Marie |

EMTC has identified Ivan Cappelli (current Director of Internal Audit for Global Operations and Hispanic, Latin America, and Brazil regions at Essilor) as having knowledge of the "[t]ransaction history for the NY Account; [and] the fraudulent wire transfers." EMTC Initial Disclosures. In addition, based on documents produced in this case, JPMC expects Mr. Cappelli to have knowledge of Essilor's internal controls and audits.

EMTC has identified Benoit Marie (Vice President of Operational Excellence from 2013-2018, and Vice President of Asia Operations from 2016-2021, at Essilor) as having knowledge of "[t]he NY Account and cash management system; discovery of the fraud at EMTC." In addition, based on documents produced in this case, JPMC expects Mr. Marie to have knowledge of the recovery and investigation of the embezzled wire transfers.

Based on documents produced in this case, JPMC expects Nathalie Lesellier (current Director of Internal Controls at Essilor) to have knowledge of Essilor's internal controls. the recovery of embezzled funds, and the audit of the factors which led to the embezzled wire transfer.

| | | |
|---|---|---|
| 10b. | Purpose Of The Evidence Or Other Judicial Act Sought | The testimony requested from Essilor and its current and former employees are relevant to the pending proceeding and may assist this Court in resolving the dispute presented in the civil action before it. |
| 11. | Identity And Address Of Any Person To Be Examined | 1. Benoit Marie<br>2. Ivan Cappelli<br>3. Nathalie Lesellier |

12. **Questions To Be Put To The Person To Be Examined Or Statement Of The Subject-Matter About Which They Are To Be Examined**

The questions to be posed to the person examined may include any matters that may be the subject of questioning in this action under the U.S. Federal Rules of Civil Procedure and the Local Rules for the Southern and Eastern Districts of New York, to the same extent as if the depositions were being conducted in the United States. By way of illustration and not limitation of the scope of the deposition, the subject of the questions posed to these witnesses may include:

1. Essilor and EMTC's knowledge of the contractual terms governing the NY Account.

    a. Essilor and EMTC's knowledge of negotiations that occurred in or around 2015-2017 related to the contractual terms governing the NY Account.

    b. Essilor and EMTC's knowledge of any purported overdraft limits or agreements applicable to the NY Account, including related negotiations.

2. Essilor and EMTC's role in overseeing EMTC's payment processes, systems, and controls.

3. Essilor and EMTC's knowledge of the embezzled transfers from the NY Account in 2019.

   a. The information available to Essilor and EMTC regarding the embezzled transfers, to whom the information was available, when it became available, and any actions Essilor and EMTC could have taken or did take in response to the embezzled transfers.

   b. How Essilor and EMTC first learned about the embezzled wire transfers.

   c. Whether anyone at Essilor and EMTC was on notice of any issues with the transfers prior to learning the transfers were being embezzled.

4. The investigations Essilor and EMTC undertook after learning of the embezzlement at EMTC.

   a. Essilor or EMTC's findings with respect to the lack, circumvention, or failure of internal controls leading to the embezzlement at EMTC.

   b. Essilor or EMTC's consultation with third-parties to investigate the EMTC embezzlement.

   c. The basis for Essilor's statements regarding the embezzlement at EMTC as stated in versions of the Universal Registration Document (URD) filed with the Autorité des Marchés Financiers (AMF).

5. Remedial actions that Essilor and EMTC took in response to the EMTC embezzlement.

   a. Additional or modified internal controls Essilor or EMTC implemented since learning of the embezzlement.

   b. Disciplinary actions Essilor or EMTC has taken against individuals as a result of the embezzlement, including but not limited to withholding of certain compensation or termination of employment.

   c. Actions Essilor or EMTC has taken to prevent the continued embezzlement of funds from any of its accounts or the accounts of its/their subsidiaries.

   d. Actions Essilor or EMTC has taken to recover the transferred funds, the costs resulting from those actions, and communications with any vendors or other third parties regarding the same.

   e. The amount of transferred funds that Essilor or EMTC have recovered, including through insurance proceeds.

   f. Whether transferred funds are currently frozen and, if so, where they are frozen.

   g. Any refunds to which EMTC claims it is entitled under Article 4A of the New York Uniform Commercial Code.

6. The relationship between EMTC, Essilor, Luxottica, and other affiliates.

      a.   The role of Essilor employees located in France and EMTC employees located in Thailand regarding the accounts and embezzled wire transfers.

13.      **Documents Or Other Property To Be Inspected**

None.

14.      **Special Methods Or Procedures To Be Followed**

The United States District Court for the Southern District of New York requests that:

The deposition questions be asked in English, and that, if necessary, an interpreter of the parties' choosing be permitted to attend and interpret the questions and the oral testimony, the cost of the interpreter being at the charge of JPMC and EMTC.

The examinations be taken orally and in-person, with a remote video option, such as Zoom, available to attorneys who cannot attend in person.

Each deposition shall be limited to seven hours on the record, with ten and a half hours allotted instead of seven hours if the witness requires an interpreter.

The parties' French and United States lawyers be permitted to attend the depositions and examine and cross-examine the witness directly on any of the topics identified in Section 12; and

Oral testimony of the witnesses be videotaped and recorded verbatim, and that a professional videographer and a professional stenographer of the parties' choosing be permitted to attend the oral testimony in order to record the testimony, the cost of the court reporter and the videographer being at the charge of the parties.

The parties are aware that France has entered general conditions to the taking of evidence pursuant to Article 17 and agree to abide by those conditions, namely:

(a) The Service Civil de l'Entraide Judiciaire Internationale will be given due notice of the date and time at which the evidence is to be taken so that it can make representatives available if necessary;

(b) The persons who are to give evidence will receive due notice in the form of an official summons drawn up in French or accompanied by a translation into French, a copy of which will be sent to the Ministère de la Justice, stating:

 (i) that the taking of evidence for which the person concerned is summoned is based on the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, and is part of the judicial proceedings in *Essilor Manufacturing (Thailand) Co., Ltd. v. JPMorgan Chase Bank, N.A.*, 1:22-cv-03361 (LJL);

 (ii) that appearance for the giving of evidence is voluntary and that non-appearance cannot lead to prosecution in the United States;

 (iii) that the parties to *Essilor Manufacturing (Thailand) Co., Ltd. v. JPMorgan Chase Bank, N.A.* consent to the testimony or, if they do not, their reasons for this;

 (iv) that the person who is to give evidence is entitled to legal advice; and

 (v) that the person who is to give evidence can claim dispensation or prohibition from doing so.

(c) The Service Civil de l'Entraide Judiciaire Internationale will be kept informed of any difficulties.

The parties are also aware that France requires that oral testimony pursuant to Article 17 only be taken within the precincts of the embassies. However, the U.S. embassy does not offer venues for oral testimony. The parties therefore request permission to take evidence at a location to be agreed upon by the Commissioner, the parties, and the witnesses.

**15. Request For Notification Of The Time And Place For The Execution Of The Request And Identity And Address Of Any Person To Be Notified**

It is requested that the Commissioner and the parties be allowed to set an appropriate time and date for obtaining the testimony of the witnesses. Notice thereof should be made to Defendant's counsel:

> Alan E. Schoenfeld
> Wilmer Cutler Pickering Hale and Dorr LLP
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY 10007
> Tel.: (212) 937-7294
> Email:  alan.schoenfeld@wilmerhale.com

**16.    Request For Attendance Or Participation Of Judicial Personnel Of The Requesting Authority At The Execution Of The Letter Of Request**

No attendance of United States judicial personnel is requested.

**17.    Fees And Costs**

The costs of this specific Hague Evidence Convention request, including the fees of the Commissioner, will be borne by both parties.

**18.    Justification For Proceeding Via Commissioner**

The parties are seeking appointment of a Commissioner under Article 17, rather than a letter of request, because it is the most efficient means of procuring evidence necessary to the resolution of this action without violation of the French blocking statute. It also furthers France's interest in judicial economy, since proceeding via Commissioner privatizes the discovery process and obviates the need to utilize French courtrooms and judicial resources.

Date of Request: March _12_, 2024

_____
Hon. Lewis J. Liman
District Judge
United States District Court for the Southern District of New York