# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESSILOR MANUFACTURING (THAILAND) CO., LTD.,<br><br>        Plaintiff,<br><br>  v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>        Defendant. | Case No. 1:22-cv-03361<br><br>**Request for International Judicial Assistance in the Authorization of a Commissioner pursuant to Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters** |

  The United States District Court for the Southern District of New York presents its compliments to the Ministère de la Justice and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter. This request is made pursuant to, and in conformity with, Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention").

  This Court requests that the Ministère de la Justice approve the taking of evidence by Alexander Blumrosen under Article 17 as described herein. While a trial date has not yet been set in this action, in the United States, parties may move for summary judgment in advance of trial. A party moving for or opposing summary judgment must present evidence to support its arguments, as they do at trial. This Court therefore makes this request to facilitate resolution of the pending proceedings in New York.

  The particulars of this Hague Evidence Request are as follows.

**1.**  **Sender**          Honorable Lewis J. Liman
                   District Judge

|   |   |   |
|---|---|---|
|   |   | U.S. District Court for the Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl St.<br>New York, NY 10007 |
| 2. | **Central Authority of the Requested State** | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Département de l'entraide, du droit international privé et européen (DEDIPE)<br>13, Place Vendôme<br>75042 Paris Cedex 01 |
| 3. | **Person To Whom The Executed Request Is To Be Returned** | Steven S. Fitzgerald<br>Wollmuth Maher & Deutsch LLP<br>500 5th Avenue, 12th Floor<br>New York, NY 10110<br>Tel.: (212) 382-3300<br>Email: sfitzgerald@wmd-law.com<br><br>The parties also designate the appointed Commissioner, Alexander Blumrosen, to accept service of the Hague Convention authorization and notifications from the French governmental authorities related to the proceedings on their behalf. The Commissioner shall transmit such authorization and notification to Plaintiff's counsel and Defendant's counsel simultaneously. |

**IN CONFORMITY WITH CHAPTER II, ARTICLE 17 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

| 4. | **Specification Of The Day By Which The Requesting Authority Requires Receipt Of The Response To The Letter Of Request** |
|---|---|

The requesting authority would greatly appreciate a response to the Request within 10

days or as soon thereafter as is practicable.

|   |   |   |
|---|---|---|
| 5a. | **Requesting Judicial Authority** | Honorable Lewis J. Liman<br>District Judge<br>U.S. District Court for the Southern District of New York |
| 5b. | **To The Competent Authority Of** | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Département de l'entraide, du droit international privé et européen (DEDIPE) |

|  |  |  |
|---|---|---|
|  |  | 13, Place Vendôme<br>75042 Paris Cedex 01 |
| **5c.** | **Case Name And Identifying Number** | *Essilor Manufacturing (Thailand) Co., Ltd. v. JPMorgan Chase Bank, N.A.*, 1:22-cv-03361 (LJL) |

**6.   Names And Addresses Of The Parties And Their Representatives**

|  |  |  |
|---|---|---|
|  | **a.  Plaintiff** | Essilor Manufacturing (Thailand) Co., Ltd.<br>Lat Krabang Industrial Estate Free Zone No. 213<br>Chalongkrung Road, Lamplatiew, Lat Krabang<br>Bangkok 10520, Thailand |
|  | **Representatives** | William A. Maher<br>Steven S. Fitzgerald<br>Randall R. Rainer<br>Wollmuth Maher & Deutsch LLP<br>500 Fifth Avenue<br>New York, New York 10110 |
|  | **b.  Defendant** | JPMorgan Chase Bank, N.A.<br>1111 Polaris Parkway<br>Columbus, OH 43240 |
|  | **Representatives** | Alan E. Schoenfeld<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br><br>Gregory H. Lantier<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>2100 Pennsylvania Avenue<br>Washington DC 20037<br><br>Brittany Amadi<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>2100 Pennsylvania Avenue<br>Washington DC 20037 |
| **7.** | **Authority Appointing Commissioner, Pending Approval Of The Ministère de la Justice** | Honorable Lewis J. Liman<br>District Judge<br>U.S. District Court for the Southern District of New York |
| **8.** | **Commissioner** | Alexander Blumrosen |

Avocat à la cour / Member of the Paris and New York Bars
4, Avenue Hoche
75008 Paris
France

Attached hereto as Exhibit A is the Order of the United States District Court of the Southern District of New York appointing Mr. Blumrosen as Commissioner, pending approval of the Ministère de la Justice.

9. **Nature Of The Proceedings**

Plaintiff, through its Complaint filed on April 25, 2022, alleges that this case arises out of a complex scheme orchestrated against Essilor International SAS ("Essilor") and Essilor Manufacturing (Thailand) Co., Ltd. ("EMTC") from mid-September 2019 through mid-December 2019. Complaint (attached to this request as Exhibit B) ¶ 1. More specifically, the Complaint alleges that the scheme was accomplished with the active assistance of a then-EMTC employee, Chamanun Phetporee ("Phetporee"), Ex. B, Complaint ¶ 18. According to the Complaint, Phetporee's "highly suspicious pattern of fraudulent transactions" should have alerted Defendant JPMorgan Chase Bank, N.A. ("JPMC") to the fraudulent activity. Ex. B, Complaint ¶¶ 5, 36. The Complaint further alleges that scheme resulted in the transfer of approximately $272 million from an account in the name of EMTC maintained at a New York, New York branch of JPMC (the "NY Account"). Ex. B, Complaint ¶ 2. EMTC alleges that, as of April 25, 2022, it has been unable to recover approximately $100 million. Ex. B, Complaint ¶ 2. As a result, the Complaint brought claims under New York's Uniform Commercial Code, for breach of contract, and for negligence, and seeks from JPMC a refund of all unrecovered funds, interest on the refundable amount, expenses incurred to mitigate damages, and attorneys' fees and costs – with the total requested compensation exceeding $124 million.

JPMC disputes the allegations in the Complaint, and in the fall of 2022, the parties briefed JPMC's motion to dismiss the Complaint. On January 4, 2023, this Court dismissed without leave to amend EMTC's negligence claim and dismissed with leave to amend EMTC's contract claim. See Motion to Dismiss Decision (attached to this request as Exhibit C). EMTC subsequently declined to amend the Complaint. Thus, the sole remaining claim in this action arises under section 4A-204 of New York's Uniform Commercial Code.

| | | |
|---|---|---|
| **10a.** | **Evidence To Be Obtained Or Other Judicial Act To Be Performed** | Plaintiff EMTC seeks testimony from JPMC 14 Place Vendome, 75001 Paris, France from its current employee, Illan Benamara, whom EMTC and JPMC have identified as having information relevant to the litigation. |

JPMC has identified Illan Benamara (Head of Treasury Service Sales, France & Belux from Mar. 2016 – Oct. 2019; Head of Wholesale Payments France from Oct. 2019 – present; and Managing Director – Head of Payments Sales Western & Southern Europe and Israel from May 2023 – present) as having information related to the opening of the Essilor entities' JPMC bank accounts and related cash management system, account documentation for the Essilor entities' JPMC bank accounts and related cash management system, JPMC's banking relationship with Essilor, and the wire transfers at issue in the case. In addition, EMTC anticipates questioning Mr. Benamara regarding whether he has knowledge related to the solicitation of and offering of bank products to the Essilor entities and implementation of the cash concentration structure for the Essilor Group, payment-related topics for the Essilor entities, and JPMC's recall efforts of the fraudulent wire transfers, as well as on the subjects listed in "12. Questions To Be Put To The Person To Be Examined Or Statement Of The Subject-Matter About Which They Are To Be Examined."

| | | |
|---|---|---|
| **10b.** | **Purpose Of The Evidence Or Other Judicial Act Sought** | The testimony requested from JPMC and its current and employee is relevant to the pending proceeding and may assist this Court in resolving the dispute presented in the civil action before it. |
| **11.** | **Identity And Address Of Any Person To Be Examined** | 1. Illan Benamara |

**12.  Questions To Be Put To The Person To Be Examined Or Statement Of The Subject-Matter About Which They Are To Be Examined**

The questions to be posed to the person examined may include any matters that may be the subject of questioning in this action under the U.S. Federal Rules of Civil Procedure and the Local Rules for the Southern and Eastern Districts of New York, to the same extent as if the depositions were being conducted in the United States. By way of illustration and not limitation of the scope of the deposition, the subject of the questions posed to Illan Benamara may include:

1. The solicitation, marketing, and offering of bank products to Essilor entities, including EMTC, Essilor International SAS, and Essidev SASU.

2. The opening of JPMC bank accounts and related cash management system for Essilor entities, including EMTC, Essilor International SAS, and Essidev SASU.

3. The implementation of the cash concentration structure for Essilor entities, including EMTC, Essilor International SAS, and Essidev SASU.

4. The account documentation and contractual terms for JPMC bank accounts and related cash management system for Essilor entities, including EMTC, Essilor International SAS, and Essidev SASU.

5. The drafting, negotiating, and reviewing of any agreement, account terms, or service terms relating to the NY Account and related cash management system.

6. JPMC's banking relationship with any Essilor entities, including EMTC, Essilor International SAS, and Essidev SASU.

7. The oversight, auditing, monitoring, development, or management of the NY Account and related cash management system.

8. JPMC's marketing, implementation, and monitoring of a daily overdraft limit for the NY account.

9. The execution, processing, or effectuation of transactions relating to the NY Account.

10. The sweeping of monies between Essilor entities, including EMTC, Essilor International SAS, and Essidev SASU, and JPMC's monitoring of the sweeps.

11. The training of JPMC employees.

12. JPMC's policies and procedures for processing payment orders and detecting fraud, including the development and implementation of JPMC's policies and procedures.

13. JPMC's security procedures for processing payment orders and detecting fraud, including the development and implementation of JPMC's security procedures.

14. The JPM Access system.

15. The fraudulent wire transfers.

16. JPMC's recall efforts of the fraudulent wire transfers.

17. JPMC's review, investigation, or audit of the fraudulent wire transfers.

18. Remedial actions that JPMC undertook in response to the fraudulent wire transfers.

**13.  Documents Or Other Property To Be Inspected**

None.

**14.  Special Methods Or Procedures To Be Followed**

The United States District Court for the Southern District of New York requests that:

The deposition questions be asked in English, and that, if necessary, an interpreter of the parties' choosing be permitted to attend and interpret the questions and the oral testimony, the cost of the interpreter being at the charge of JPMC and EMTC.

The examinations be taken orally and in-person, with a remote video option, such as Zoom, available to attorneys who cannot attend in person.

Each deposition shall be limited to seven hours on the record, with ten and a half hours allotted instead of seven hours if the witness requires an interpreter.

The parties' French and United States lawyers be permitted to attend the depositions and examine and cross-examine the witness directly on any of the topics identified in Section 12; and

Oral testimony of the witnesses be videotaped and recorded verbatim, and that a professional videographer and a professional stenographer of the parties' choosing be permitted

to attend the oral testimony in order to record the testimony, the cost of the court reporter and the videographer being at the charge of the parties.

The parties are aware that France has entered general conditions to the taking of evidence pursuant to Article 17 and agree to abide by those conditions, namely:

(a) The Service Civil de l'Entraide Judiciaire Internationale will be given due notice of the date and time at which the evidence is to be taken so that it can make representatives available if necessary;

(b) The persons who are to give evidence will receive due notice in the form of an official summons drawn up in French or accompanied by a translation into French, a copy of which will be sent to the Ministère de la Justice, stating:

> (i) that the taking of evidence for which the person concerned is summoned is based on the provisions of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, and is part of the judicial proceedings in *Essilor Manufacturing (Thailand) Co., Ltd. v. JPMorgan Chase Bank, N.A.*, 1:22-cv-03361 (LJL);
>
> (ii) that appearance for the giving of evidence is voluntary and that non-appearance cannot lead to prosecution in the United States;
>
> (iii) that the parties to *Essilor Manufacturing (Thailand) Co., Ltd. v. JPMorgan Chase Bank, N.A.* consent to the testimony or, if they do not, their reasons for this;
>
> (iv) that the person who is to give evidence is entitled to legal advice; and
>
> (v) that the person who is to give evidence can claim dispensation or prohibition from doing so.

(c) The Service Civil de l'Entraide Judiciaire Internationale will be kept informed of any difficulties.

The parties are also aware that France requires that oral testimony pursuant to Article 17 only be taken within the precincts of the embassies. However, the U.S. embassy does not offer venues for oral testimony. The parties therefore request permission to take evidence at a location to be agreed upon by the Commissioner, the parties, and the witnesses.

15. **Request For Notification Of The Time And Place For The Execution Of The Request And Identity And Address Of Any Person To Be Notified**

It is requested that the Commissioner and the parties be allowed to set an appropriate time and date for obtaining the testimony of the witness. Notice thereof should be made to Plaintiff's counsel:

> Steven S. Fitzgerald
> Wollmuth Maher & Deutsch LLP
> 500 5th Avenue, 12th Floor
> New York, NY 10110
> Tel.: (212) 282-3300
> Email: sfitzgerald@wmd-law.com

16. **Request For Attendance Or Participation Of Judicial Personnel Of The Requesting Authority At The Execution Of The Letter Of Request**

No attendance of United States judicial personnel is requested.

17. **Fees And Costs**

The costs of this specific Hague Evidence Convention request, including the fees of the Commissioner, will be borne by both parties.

18. **Justification For Proceeding Via Commissioner**

The parties are seeking appointment of a Commissioner under Article 17, rather than a letter of request, because it is the most efficient means of procuring evidence necessary to the resolution of this action without violation of the French blocking statute. It also furthers France's

interest in judicial economy, since proceeding via Commissioner privatizes the discovery process and obviates the need to utilize French courtrooms and judicial resources.

Date of Request: March 12, 2024

_____
Hon. Lewis J. Liman
District Judge
United States District Court for the Southern District of New York