April 14, 2024

**WILMERHALE**

Alan E. Schoenfeld
+1 212 937 7294 (t)
alan.schoenfeld@wilmerhale.com

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *Essilor Manufacturing (Thailand) Co. v. JPMorgan Chase Bank, N.A.*, No. 22-cv-3361

Dear Judge Liman:

We represent JPMorgan Chase Bank ("JPMC") in the above-captioned action. JPMC respectfully writes to request leave to file under seal, pursuant to Section 2(H) of Your Honor's Individual Practices in Civil Cases, and S.D.N.Y. Electronic Filing Rules and Instructions, JPMC's Reply in support of its Letter Motion on French Compulsory Deposition (the "Reply in Support of French Compulsory Deposition") and certain documents and information attached as exhibits.

The documents and information proposed to be filed under seal include information that EMTC has marked "Confidential." Under the terms of the parties Protective Order, Confidential material is information which, if publicly disclosed, "will cause harm to the business, commercial, financial, or personal interests of the Producing Party." ECF No. 58 at 3. The parties may disclose this information to the Court but not to the general public. The Reply in Support of French Compulsory Deposition references information EMTC has marked Confidential, including the following:

**Reply in Support of French Compulsory Deposition**

- Ex. J (4/11/24 Email Chain) – This email chain between JPMC's counsel and EMTC's counsel includes discussion of the deposition transcript of former Essilor employee Marco Passante, which contains discussion of EMTC documents and information.

- Ex. K (Deposition Transcript of Themsiri Tayaprasard) – The deposition transcript of EMTC employee Themsiri Tayaprasard contains discussion of EMTC documents and information.

- Ex. L (EMTC-000094116) – This is an internal Essilor presentation that EMTC has marked "Confidential."

- Ex. M (Deposition Transcript of Marco Passante) – The deposition transcript of former Essilor employee Marco Passante contains discussion of EMTC and Essilor documents and information.

These documents discuss EMTC's information that the Court may in its discretion allow to be sealed or redacted.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

Accordingly, JPMC requests leave to file the Reply in Support of French Compulsory Deposition and Exhibits J-M in redacted and/or sealed form. The parties will meet and confer to discuss the sealing or redactions of EMTC's Confidential information and inform the Court within one week whether EMTC seeks continued redaction or sealing of any currently proposed redacted or sealed material.

Respectfully submitted,

/s/ *Alan Schoenfeld*

The motion to take the deposition of Mr. Murat is granted. The deposition should be taken as soon as possible but may be taken after the close of fact discovery and before the trial. The date for summary judgment motions is not adjourned. To the extent that the deposition would have to be taken after the close of fact discovery, JPMC has shown good cause under Fed. R. Civ. P. 16(b)(b)(4). Essilor did not provide contact information for Mr. Murat's lawyer until September 18, 2023, and JPMC has shown diligence in attempting to procure Mr. Murat's testimony voluntarily or with the consent of Essilor. Dkt. No. 116-4. JPMC has shown the testimony is relevant under Rule 26 and not cumulative.
DATE: April 15, 2024

SO ORDERED.

LEWIS J. LIMAN
United States District Judge