```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/2024
```

ESSILOR INT'L SAS et al.,

                  Plaintiffs,

    -v-

J.P. MORGAN CHASE BANK, N.A. et al.,

                  Defendants.

-------------------------------------------------------------------X

22-cv-3361 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Essilor Manufacturing (Thailand) Co. Ltd. ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 37(a)(3), for an order compelling Defendant J.P. Morgan Chase Bank N.A. ("Defendant") to produce requested discovery. Dkt. No. 141. The motion is denied in part, and the Court defers a ruling in part.

    Federal Rule of Civil Procedure 26(b)(2)(C) directs that the Court should limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative" or "the burden or expenses of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C); *see Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 316–20 (S.D.N.Y. 2003); *Quinby v. WestLB AG*, 245 F.R.D. 94, 101–02 (S.D.N.Y. 2006).

    Plaintiff's request for each line item of operating expense for Defendant's fraud prevention operations and reports to Defendant's Chairman and Chief Executive Officer Jamie

Dimon about the EMTC Fraud Event are denied.  The evidence regarding Defendant's fraud prevention operations is relevant.  Plaintiff has not established that evidence regarding the costs of those operations is relevant or that its relevance outweighs the burden or expense of the proposed discovery.  It is entirely speculative that any report to Mr. Dimon would contain relevant information not already produced in discovery.  Both requests are unreasonably cumulative of information already produced in discovery.

The Court defers ruling on Plaintiff's request for Client Profile Data pending a further meet and confer between the parties.  Such meeting shall take place by no later than May 24, 2024, and the parties shall report if there remains a live dispute by no later than May 29, 2024.  In the absence of a letter filed on ECF by May 29, 2024, the Court shall assume the dispute has been resolved and shall close the motion at Dkt. No. 141.

The dispute over EMTC transactional history reports and Defendant's document retention policy are moot.  In its reply letter, Plaintiff raises a concern about whether Defendant will answer Plaintiff's interrogatory responses regarding document retention.  No motion has been made with respect to interrogatory responses and the Court therefore does not address any such issue.

SO ORDERED.

Dated: May 21, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge