```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
-------------------------------------------------------------X DATE FILED:  8/22/24
                                                             :
ESSILOR INTERNATIONAL SAS et al.,                            :
                                                             :
                              Plaintiffs,                    :
                                                             :         22-cv-3361 (LJL)
               -v-                                           :
                                                             :              ORDER
J.P. MORGAN CHASE BANK, N.A.,                                :
                                                             :
                              Defendant.                     :
                                                             :
-------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Essilor Mfg. (Thailand) Co., Ltd. ("Essilor") moves to strike the expert report of Gene L. Deetz (the "Deetz Report") proffered by Defendant J.P. Morgan Chase Bank, N.A. ("JPMC") on the issue of damages on the grounds that it is an untimely opening expert report. Dkt. No. 167. The motion is denied.

The operative scheduling order in this case provides for the identification of testifying expert witnesses and the exchange of opening expert reports by June 28, 2024, the identification of rebuttal expert witnesses and exchange of rebuttal expert reports by July 30, 2024, and the exchange of reply expert reports by August 29, 2024. Dkt. No. 139. All discovery, including expert discovery, is to be completed by September 27, 2024, and summary judgment motions are due on October 25, 2024. *Id.*

Essilor did not serve a damages report in this case. JPMC served the Deetz Report, which addresses Essilor's damages, on the date for the exchange of rebuttal expert reports but not on the date for opening reports. Essilor argues that the Deetz Report does not constitute a proper rebuttal report and thus is untimely because Essilor served only two expert reports devoted to liability. Dkt. No. 167 at 1. JPMC responds that the Deetz Report is timely because: (1) it responds to the all-or-nothing assumption of the report of liability expert Richard Fraher; and (2) JPMC understood that it would not have to serve a report on damages—on which Essilor had the burden of proof—until after Essilor itself had served a damages report and Essilor effectively sandbagged JPMC by eschewing its burden and refusing to serve a damages report with its opening expert reports. Dkt. No. 170 at 1–2. The parties spar on whether preclusion is the appropriate remedy if the Deetz Report was late, with Essilor arguing that preclusion is the only effective remedy, Dkt. No. 167 at 2–3, and JPMC contending that preclusion is not necessary because Essilor can still depose Mr. Geetz and, if necessary, the deadline for expert discovery can be extended, Dkt. No. 170 at 3.

The Court finds it unnecessary to determine whether JPMC's service of the Deetz Report

is in compliance with the operative scheduling order in this case. "Preclusion is considered 'a drastic remedy' that is generally disfavored within the District." *Rosado v. Soriano*, 2021 WL 4192863, at *1 (S.D.N.Y. Aug. 6, 2021) (quoting *Rivera v. United Parcel Serv.*, 325 F.R.D. 542, 548 (S.D.N.Y. 2018)). "Precluding testimony of an expert, even when there has not been strict compliance with Rule 26, 'may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants.'" *Rmed Intern., Inc. v. Sloan's Supermarkets, Inc.*, 2002 WL 31780188, at *3 (S.D.N.Y. Dec. 11, 2002) (quoting *In re Kreta Shipping, S.A.*, 181 F.R.D. 273, 277 (S.D.N.Y. 1998)). In deciding whether to exclude a witness from testifying for violation of Rule 26, the court considers the *Softel* factors: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alterations in original) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. City of N. Y.*, 837 F.2d 587, 591 (2d Cir. 1988).

The *Softel* factors weigh against preclusion. JPMC has proffered a good explanation for its failure to serve the Deetz Report by the deadline for initial expert reports. It understood that Essilor would be serving a report on damages as is ordinarily the case. Since the burden of proof is on Plaintiff with respect to damages, it assumed that its deadline for an expert report would be that for rebuttal reports. Dkt. No. 170 at 3. Moreover, to some extent, the Deetz Report responds to assumptions behind the analysis of Plaintiff's expert Fraher. *See* Dkt. No. 173-1 ¶ 39 (explicitly responding to Fraher Report). Second, the Deetz Report goes to an important issue in the case—the remedy if Essilor is able to prove liability. Having reviewed the Deetz Report, the Court rejects Essilor's argument that the damages calculation in this case is not complex, Dkt. No. 167 at 3, and the implicit assertion that the analysis provided by Deetz could be easily supplied by a lay witness. Third, any prejudice to Essilor can be mitigated by permitting Essilor to take the deposition of Mr. Deetz. Finally, no trial date has been set in this case and thus, even if a short continuance is necessary for the deposition of Mr. Deetz, that continuance will not interfere with the ultimate resolution of this matter.[1]

Accordingly, the motion at Dkt. No. 167 is denied. The motions at Dkt. Nos. 166 and 172 to file the Deetz Report in redacted form are denied to the extent that they seek to redact the information at ¶ 14 of Dkt. No. 173-1 and are otherwise granted with respect to the Deetz Report.

---

[1] Essilor suggests that, if the Deetz Report is not stricken, it may wish to retain an expert on damages and have that expert prepare a rebuttal report. Dkt. No. 167 at 3. JPMC responds that, having deliberately decided not to call a damages expert, Essilor should not be permitted to designate an expert solely for purposes of rebuttal. Dkt. No. 170 at 3. The Court will entertain a letter motion by Essilor to call a rebuttal expert on damages and to further extend the discovery schedule to permit the report and testimony of such witness so long as the motion is made after the parties have met and conferred on the issue and is made on or before August 30, 2024, with any response due on the earlier of September 3, 2024, or two business days after the filing of Essilor's letter motion.

JPMC is directed to file a redacted version of the Deetz Report consistent with this Order no later than August 26, 2024. The motions at Dkt. Nos. 166 and 172 are denied without prejudice with respect to the reports of Richard M. Fraher and Terri Sands. JPMC seeks to have both reports filed in redacted form in their entirety. But both reports contain extensive information that can be publicly filed including, without limitation, information about the background of the experts, their assignments and compensation, certain background information about the case, and the regulatory background. The Clerk of Court is directed to maintain the documents at Dkt. Nos. 174-1, 174-2, and 174-3 under seal to permit JPMC to make a renewed motion for sealing consistent with the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). If no renewed motion is made by August 26, the Court will direct that the documents at Dkt. Nos. 174-1 and 174-2 be unsealed. The parties are further put on notice that the weight of the presumption of public access will change to the extent that the expert reports are used in connection with any motion for summary judgment or for trial, *see Lugosch*, 435 F.3d at 123, and that information that is permitted to be filed under seal in connection with this motion may not be sealed at later stages in this case.

       The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 166, 167, 169, and 172.

       SO ORDERED.

Dated: August 22, 2024
      New York, New York

                                       LEWIS J. LIMAN
                                    United States District Judge