```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/04/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ESSILOR INTERNATIONAL SAS and
ESSILOR MANUFACTURING (THAILAND) CO.,
LTD.,

                Plaintiffs,

                -v-

J.P. MORGAN CHASE BANK, N.A.,

                Defendant.
-------------------------------------------------------------------X

22-cv-3361 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

    Defendant JPMorgan Chase Bank, N.A. ("Defendant") moves for an order striking the jury demand of Plaintiff Essilor Manufacturing (Thailand) Co., Ltd. ("Plaintiff" or "EMTC"). Dkt. No. 185.

## BACKGROUND

    The allegations in this case have previously been described in the Court's January 4, 2023 Opinion and Order, with which the Court assumes familiarity. Dkt. No. 41. In brief, and as narrowed by the Court, Plaintiff raises claims under N.Y.U.C.C. § 4-A-204(1) arising out of the embezzlement of hundreds of millions of dollars from an account Plaintiff held with Defendant (the "N.Y. Account") from mid-September 2019 through mid-December 2019 by a group of international cybercriminals allegedly assisted by Plaintiff's then-Finance Manager.[1] The complaint contains a jury demand. Dkt. No. 1.

---

[1] N.Y.U.C.C. § 4-A-204(a) provides: "If a receiving bank accepts a payment order in the name of its customer as sender which is . . . not authorized and not effective as the order of the customer under Section 4-A-202, . . . the bank shall refund any payment of the payment order received from the customer."

When EMTC initially opened the N.Y. Account with Defendant, it agreed to Account Terms that included a jury waiver. Dkt. No. 187-2 (the "2015 Account Terms"). The 2015 Account Terms provide:

> **Waiver of Jury Trial; Limitation of Claims**. The Customer and the Bank hereby irrevocably waive all right to, and will not seek, trial by jury in any action, proceeding or counterclaim of whatever type or nature, arising out of these Account Terms, the Account Documentation or the relationship established hereby.

2015 Account Terms § 16.2; *see also* Dkt. No. 20-1 (2015 Account Terms Acceptance Letter). The Account Terms negotiated and signed by Plaintiff's ultimate parent Essilor International SAS ("Essilor") in 2017, Dkt. No. 21-1 ("2017 Account Terms"), also include a jury trial waiver:

> The Customer and the Bank hereby irrevocably waive all right to, and will not seek, trial by jury in any action, proceeding or counterclaim, of whatever type or nature, arising out of these Account Terms, or the relationship established thereby. [. . .].

2017 Account Terms § 16.2.

## DISCUSSION

Under Federal Rule of Civil Procedure 39(a)(2), a jury demand may be stricken if "the court, on motion or on its own, finds that on some or all of th[e] issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The federal right to a jury trial is provided by the Seventh Amendment; under Federal Rule of Civil Procedure 38, "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." Fed. R. Civ. P. 38. "It is elementary that the Seventh Amendment right to a jury is fundamental and that its protection can only be relinquished knowingly and intentionally." *Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977) (citing *Johnson v. Zerbst*, 304 U.S. 458 (1938)). However, "[t]he parties to a contract may, by prior written agreement entered into knowingly and voluntarily, waive the right to a jury trial." *Morgan Guar. Trust Co. v. Crane*, 36 F. Supp. 2d 602, 603 (S.D.N.Y. 1999) (citing *Herman Miller v. Thom Rock Realty Co.*, 46 F.3d 183, 189 (2d

2

Cir. 1977)). "[T]he party seeking to enforce the jury waiver clause bears the burden of showing that the waiver was knowing and voluntary." *Stephens Inc. v. Flexiti Fin. Inc.*, 2019 WL 2725627, at *8 (S.D.N.Y. July 1, 2019) (alteration in original) (quoting *Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*, 327 F. Supp. 3d 673, 685 (S.D.N.Y. 2018)). "In determining whether to enforce a waiver clause by striking a jury demand, courts consider two inquiries: first whether the clause is enforceable—*i.e.*, 'whether waiver is knowing and voluntary'—and second, 'whether the claims in the action fall within the scope of the jury waiver clause.'" *Id.*, 2019 WL 2725627, at *8 (quoting *Kortright*, 327 F. Supp. 3d at 685–86).

The factors a court must consider in determining whether a contractual waiver of a right to a jury trial was entered into knowingly and voluntarily include: "1) the negotiability of the contract terms and negotiations between the parties concerning the waiver provision; 2) the conspicuousness of the waiver provision in the contract; 3) the relative bargaining power of the parties; and 4) the business acumen of the party opposing the waiver." *Morgan Guar. Trust Co.*, 36 F. Supp. 2d at 604 (citing *Sullivan v. Ajax Navigation Corp.*, 881 F. Supp. 906, 911 (S.D.N.Y. 1995)). "When the criteria outlined above have been met, the waiver has been deemed enforceable." *Id.* (collecting cases).

Plaintiff does not dispute that the jury trial waiver in the 2015 and 2017 Account Terms is enforceable. Dkt. No. 190 at 1 ("EMTC does not dispute that those factors would be met, if they were relevant"). The first element, the negotiability of the contract terms, is satisfied by evidence of "the defendant['s] opportunity to review and revise the documents and provisions at issue prior to signing them." *Wechsler v. Hunt Health Sys., Ltd.*, 2003 WL 21878815, at *3 (S.D.N.Y. Aug. 8, 2003). Plaintiff is a sophisticated company that negotiated the provisions of the Account Terms. *See, e.g.*, Dkt. No. 28 at 8. The waiver is conspicuous. To evaluate the

3

conspicuousness of a waiver, "courts have looked to the placement of the waiver within the contract, as well as the font and style of the waiver." *Am. Equities Grp., Inc. v. Ahava Dairy Prods. Corp.*, 2007 WL 4563487, at *3 (S.D.N.Y. Dec. 18, 2007). The waiver of jury trial provision in both the 2015 Account Terms and the 2017 Account Terms is set off in its own subsection, placed prominently in the Governing Law section and is in the same font and style as the other provisions of the Account Terms. *See Am. Equities Grp.*, 2007 WL 4563487, at *3; *see also Rekor Sys., Inc. v. Loughlin*, 2022 WL 3138942, at *5 (S.D.N.Y. Aug. 5, 2022) (finding that jury trial waiver was conspicuous where it was set off in its own subsection and was in the same font and size as other provisions). "There is also no indication of any substantial disparity in bargaining power between the parties." *Id.* EMTC is a wholly-owned subsidiary of Essilor which, in turn, is one of the three main subsidiaries of EssilorLuxottica SA, the "world's leading ophthalmic optics company." Dkt. No. 1 ¶¶ 11–12. Plaintiff also does not dispute its business acumen. "[B]oth parties are corporations and 'neither should be a stranger to contract negotiations.'" *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2022 WL 1515120, at *2 (S.D.N.Y. May 13, 2022) (quoting *Am. Equities Grp*, 2007 WL 4563487, at *3).

  The Account Terms on their face also cover the remaining claim in this action. Plaintiff alleges that Defendant, in its capacity as Plaintiff's banker, processed transfers that were unauthorized from an account maintained by Plaintiff with Defendant. Dkt. No. 1 ¶¶ 20, 32–35, 44–51. The N.Y. Account was established and maintained pursuant to the Account Terms. Manifestly, Plaintiff's claims on their face arise out of the Account Terms "or the relationship established thereby." Dkt. No. 187-2 § 16.2; Dkt. No. 21-1 § 16.2.

4

Plaintiff's sole response to Defendant's motion to strike the jury demand is that the contractual waiver is unenforceable to a claim arising under N.Y.U.C.C. § 4-A-204(1) because of the language of N.Y.U.C.C. § 4-A-202. Dkt. No. 190. N.Y.U.C.C. § 4-A-202(3) states in part:

> Commercial reasonableness of a security procedure is a question of law to be determined by considering the wishes of the customer expressed to the bank, the circumstances of the customer known to the bank, including the size, type, and frequency of payment orders normally issued by the customer to the bank, alternative security procedures offered to the customer, and security procedures in general use by customers and receiving banks similarly situated.

N.Y.U.C.C. § 4-A-202(3). The commentary to the N.Y.U.C.C. states that "[t]he issue of whether a particular security procedure is commercially reasonable is a question of law" and that "[w]hether the receiving bank complied with the procedure is a question of fact." N.Y.U.C.C. § 4-A-203 cmt. 4. It explains: "[i]t is appropriate to make the finding concerning commercial reasonability a matter of law because security procedures are likely to be standardized in the banking industry and a question of law standard leads to more predictability concerning the level of security that a bank must offer to its customers." *Id.*

Plaintiff reasons that, because the N.Y.U.C.C. states only that "commercial reasonableness" is a question of law, all of the remaining questions must necessarily raise questions of fact and that because they raise issues of fact, they must be decided by a jury. Dkt. No. 190 at 5–6. It then argues that because N.Y.U.C.C. § 4-A-202 provides that "[e]xcept as provided in this section and in Section 4A-203(a)(1), rights and obligations arising under this section or Section 4-A-203 may not be varied by agreement," N.Y.U.C.C. § 4-A-202(6), the jury trial waiver is unenforceable. *Id.* at 4, 7–9. Plaintiff admits that no court has adopted its argument. *Id.* at 1 (noting that the argument presents "a question of first impression").

Article 4-A of the U.C.C. cannot bear the weight that Plaintiff puts on it. Article 4-A itself says nothing about whether the court or a jury must be a fact-finder in actions under

Section 4-A-204(1) or any other Article 4-A provision. It simply identifies those questions that may be determined as a matter of law and those that raise questions of fact. Absent any Seventh Amendment prohibition, the federal court can just as readily sit as trier of fact as the jury can, making judgments of credibility and evaluating the weight of the evidence. *See* Fed. R. Civ. P. 52. Indeed, so can state courts in cases not within the federal court's subject matter jurisdiction. The U.C.C. generally applies uniformly across the 50 States. *See In re Ajax Integrated, LLC*, 554 B.R. 568, 578 n.12 (N.D.N.Y. Br. 2016) (citing *In re WorldCom, Inc.*, 339 B.R. 56, 64 (S.D.N.Y. Br. 2006)); *see also Huang v. Hong Kong and Shanghai Banking Corp. LTD*, 2022 WL 4123879, at *2 (U.C.C. is set of uniform laws adopted in all 50 states). "The Seventh Amendment [right to a civil jury trial] has not, however, been applied to the States through the Fourteenth Amendment and hence does not require that jury trial be held in proceedings in State tribunals." *GTFM, LLC v. TKN Sales, Inc.*, 257 F.3d 235, 240 (2d Cir. 2001); *see also Robinson v. N.Y.C. Dep't of Housing Preservation & Development*, 37 F. App'x 571, 573 (2d Cir. 2002) (same). The states thus are at liberty whether to grant those who use its courts a jury trial or not; while in most states there is a right to a jury trial, the practice is not uniform. *See, e.g.*, Eric J. Hamilton, Federalism and the State Civil Jury Rights, 65 Stan. L. Rev. 851, 858 (2013) (noting that there is no invariable right to a jury trial in Colorado, Louisiana or Wyoming). It follows necessarily that no inference can be drawn from the proposition that certain questions raise issues of fact that Plaintiff has a right from the U.C.C. to have those questions of fact determined by a jury. *See Prima Donna Dev. Corp. v. Wells Fargo Bank, N.A.*, 42 Cal. App. 5th 22, 43 (Cal. Ct. App. 2019) ("It is far from clear that section 11202—in and of itself—guarantees a right to trial by jury in its single reference to a 'question of law.'").

Thus, Section 4-A-202 is of no avail to Plaintiff. That provision assures that the rights and obligations arising under Sections 4-A-202 and 4-A-203(1) may not be varied by agreement. N.Y.U.C.C. § 4-A-202(6). It is designed to ensure that the customer's substantive rights under Article 4-A not be impaired. *Regatos v. N. Forth Bank*, 838 N.E.2d 629, 633 (N.Y. 2005). The states may not create common law claims that "'would impose liability inconsistent with the rights and liabilities expressly created by Article 4-A.'" *123RF LLC v. HSBC Bank USA, N.A.*, 663 F. Supp. 3d 391, 401 (S.D.N.Y. 2023) (quoting *Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 103 (2d Cir. 1998)), *appeal withdrawn*, 2023 WL 7117444 (2d Cir. May 22, 2023). But the right to a jury is not a substantive right but a procedural right, *see Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007), and it is not one of the rights enumerated in Sections 4-A-202 and 4-A-203(1). Section 4-A-202 thus presents no obstacle to two parties agreeing on arms-length that their future disputes will be resolved by a judge rather than by a jury.[2]

---

[2] The cases cited by Plaintiff do not support its argument. In *Banco del Austro, S.A. v. Wells Fargo Bank, N.A.*, 215 F Supp. 3d 302 (S.D.N.Y. 2016), the Court denied a motion to dismiss based on commercial reasonableness because the court could not determine as a matter of law the use of the SWIFT system, with nothing more, constituted a commercially reasonable security procedure in the context of the customer-bank relationship at issue). The Second Circuit's opinion in *Regatos v. N. Fork Bank*, 396 F.3d 493, 496 (2d Cir. 2005), simply reports what a jury concluded without addressing the question whether a jury trial waiver would be effective. *2006 Frank Calandra, Jr. Irrevocable Tr. v. Signature Bank Corp.*, 816 F. Supp. 2d 222, 233 (S.D.N.Y. 2011), used the word "jury" in concluding that no reasonable jury could find for plaintiff and granting summary judgment for defendant; it did not hold that a jury trial waiver would be ineffective. *Centre-Point Merch. Bank Ltd. v. Am. Express Bank Ltd.*, 2000 WL 1772874 (S.D.N.Y. Nov. 30, 2000), likewise granted summary judgment for defendant without addressing the jury trial waiver point.

## CONCLUSION

The motion to strike the jury demand is GRANTED.

The Clerk of Court is respectfully directed to close Dkt. No. 185.

SO ORDERED.

Dated: October 4, 2024
      New York, New York

                                          LEWIS J. LIMAN
                                   United States District Judge